UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23650-BLOOM/Elfenbein

TIMESHARES DIRECT, INC.,

    Plaintiff,

v.

WATSTEIN TEREPKA, LLC,

    Defendant.
_____/

### ORDER ON MOTION TO REMAND AND FOR ATTORNEYS' FEES

**THIS CAUSE** is before the Court upon Plaintiff Timeshares Direct, Inc.'s ("Plaintiff") Motion to Remand and For Attorneys' Fees ("Motion"). ECF No. [9]. Defendant Watstein Terepka, LLC ("Defendant") filed a Response in Opposition as well as a Response to the Court's Order to Show Cause. *See* ECF Nos. [5], [26]. Plaintiff filed a Reply in Support of the Motion, ECF No. [28], to which Defendant filed a Sur-reply. ECF No. [33]. The Court has carefully considered the Motion, the submissions in support and in opposition, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted in part and denied in part, and the case is remanded to the state court for further proceedings.

**I.  BACKGROUND**

This case arises from a fee disagreement between Plaintiff and Defendant based on services Defendant rendered in a previous lawsuit. *See* ECF No. [9] at 2. In 2024, Plaintiff was sued as part of a putative class action Telephone Consumer Protection Act ("TCPA") case. ECF No. [26] at 5. On November 8, 2024, Plaintiff retained Defendant to defend it in the TCPA litigation. ECF No.

[1-1] at 6. The parties entered into an engagement agreement (the "Agreement") that contains an arbitration clause requiring that:

> [A]ny dispute arising out of or relating in any way to [the Agreement] or any services provided by [Defendant] shall be . . . settled by arbitration in accordance with the Commercial Arbitration Rules (the 'Arbitration Rules') of the American Arbitration Association, including any dispute about arbitrability of any claim or other matter, such as the scope or enforceability of this arbitration provision.

*Id.* at 18.

Additionally, the Agreement also provides a fee-shifting provision which states that "should it be necessary for [Defendant] to resort to legal action, arbitration, or any other proceeding to collect its fees, costs, or expenses, the prevailing party shall recover all attorneys' fees and costs in connection with such proceeding." *Id.* at 21.

Pursuant to the Agreement, Defendant represented Plaintiff in the TCPA litigation for the next five months, ultimately securing a settlement for Plaintiff that resolved the pending claims. *See* ECF No. [6] at 6-7. Shortly after the resolution of the TCPA case, a dispute arose between the parties over approximately $25,000 in attorneys' fees purportedly owed to Defendant. ECF No. [17] at 3. Plaintiff refused to pay the disputed fees and, as a result, Defendant sought to initiate an arbitration proceeding as outlined in the parties' Agreement. ECF No. [26] at 6, 7. Plaintiff, however, insisted that the arbitration provision was unenforceable and elected to file the instant action in state court instead. *See* ECF No. [1-1] at 5; ECF No. [17] at 4. Plaintiff's Complaint seeks both a declaratory judgment that the Agreement's "arbitration provision is unenforceable" and "an injunction enjoining [Defendant] from pursuing the illegal arbitration." ECF No. [1-1] at 5. Plaintiff also seeks a declaration that the amounts billed by Defendant were unreasonable and, as such, Plaintiff "is not liable for the overcharges." *Id.* The Complaint further asserts that the

"underlying amount in controversy exceeds $8,000 but *does not exceed $50,000,* exclusive of interests and costs." ECF No. [1-1] at 6.

Notwithstanding Plaintiff's representation that the amount in controversy is less than $50,000, Defendant removed the instant action to this Court pursuant to the Court's federal diversity jurisdiction under 28 U.S.C. § 1332. ECF No. [1] at 1. Defendant asserts that both the complete diversity and amount in controversy requirements are satisfied in this case. *Id.* at 4. Defendant alleges in the Notice of Removal that Plaintiff "is a Florida corporation with [its] principal place of business in Florida," while Defendant is a limited liability company consisting of two members—Ryan Watstein and Alex Terepka—both of whom are "residents of Georgia." *Id.* at 4-5. As for the amount in controversy requirement, although the disputed fee amounts to less than $25,000, Defendant argues that due to Plaintiff's "overly litigious conduct," Defendant has incurred "more than $65,000" in additional attorneys' fees in this case. *Id.* at 5-6. Since the parties' Agreement entitles the prevailing party to recover any attorneys' fees associated with litigating a fee dispute pursuant to the Agreement, Defendant maintains that the amount in controversy at the time of removal was "nearly $90,000." *Id.* at 6.

After reviewing the Notice of Removal, the Court ordered Defendant to show cause "why this matter should not be remanded to the state court for lack of diversity jurisdiction for failure to satisfy 28 U.S.C. § 1332's amount in controversy requirement." ECF No. [3] at 1. Defendant timely filed its response to the Show Cause Order explaining its justification for including Defendant's attorneys' fees in the amount in controversy. ECF No. [5]. Shortly thereafter, Plaintiff filed the instant Motion seeking to remand the case to state court based on Defendant's failure to establish federal diversity jurisdiction over the pending claims. ECF No. [9]. Defendant proceeded

to file a response to the Motion for Remand, ECF No. [26], to which Plaintiff filed a reply. ECF No. [28]. Defendant was then permitted to file a sur-reply. ECF No. [33].

## II.  LEGAL STANDARD

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit generally must satisfy the jurisdictional prerequisites of either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See id.* § 1332(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014).

To determine whether the diversity jurisdiction requirements are met, "a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (quoting *Williams*, 269 F.3d at 1319). When deciding whether subject matter jurisdiction exists, courts must focus on the amount in controversy at the time of removal, not at any later point. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citations omitted); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015).

"Removal is a matter of federal right," but on a motion to remand, "ambiguities are generally construed against removal," given that the improper exercise of jurisdiction amounts to an "infringement on a state's power to adjudicate disputes in its own courts." *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979); *Rietwyk v. State Farm Mut. Auto. Ins. Co.*, No. 09–82433–CIV, 2010 WL 2219730, at *1 (S.D. Fla. June 2, 2010) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Nonetheless, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). Furthermore, "'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)).

"[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc.*, 217 F. Supp. 3d at 1360.

## III. DISCUSSION

Plaintiff argues that remand is appropriate here because (1) the amount in controversy has not been satisfied given that the dispute concerns less than $25,000 in legal fees (2) the complete diversity requirement is not satisfied because Defendant's citizenship has not been adequately alleged; and (3) Defendant waived its right to remove by filing a motion to compel arbitration in the state court action. *See* ECF No. [9]. While Plaintiff's Motion offers several different grounds

5

for remand, the Court will only address the first ground—the amount in controversy requirement—as the Court finds that issue dispositive.

### A. Amount in Controversy

Plaintiff argues that the Court lacks federal diversity jurisdiction over this case because the amount in controversy is not greater than $75,000. ECF No. [9] at 9. According to Plaintiff, the Complaint is clear that the "amount in controversy 'does not exceed $50,000'" and that Defendant has already acknowledged that the dispute only concerns the "$24,982.50 in legal fees allegedly owed to [Defendant] for defending [Plaintiff] in a prior case." *Id.* at 9-10. Plaintiff insists that this should be the end of the inquiry, and the Court should simply remand the case accordingly.

However, Plaintiff preemptively addresses Defendant's argument that the attorneys' fees Defendant accrued litigating this matter prior to removal should be factored into the amount in controversy. Plaintiff argues that considering the Defendant's attorneys' fees is inappropriate because "the Eleventh Circuit has expressly adopted the 'plaintiff viewpoint rule,' which requires a court to measure the object of the litigation solely from the plaintiff's perspective—including in cases for declaratory or injunctive relief." *Id.* at 10. Therefore, the only amount in controversy is the $24,982.50 in disputed fees, as that is the only amount Plaintiff seeks to avoid in this litigation. To the extent that Plaintiff is seeking injunctive relief, it contends that the value of such relief is either immeasurable or too speculative to be factored into the amount in controversy. *Id.* at 11.

Defendant responds that the amount in controversy necessary to remove this case to federal court has been satisfied. According to Defendant, the "measure of the amount in controversy in a declaratory action is the plaintiff's 'object' in the litigation, meaning the 'pecuniary consequences' it seeks to avoid." ECF No. [26] at 9. Defendant insists that, given the fee-shifting provision of the parties' Agreement, the consequences Plaintiff seeks to avoid are not just the unpaid attorneys'

6

fees Plaintiff purportedly incurred during the TCPA litigation, but the attorneys' fees Defendant will have to incur during the instant litigation in an effort to recover the disputed $24,982.50 in fees. Defendant argues that under the "object of the litigation" approach, the amount in controversy necessarily includes Defendant's attorneys' fees because the fee-shifting provision of the parties' Agreement ensures that the party who prevails necessarily avoids the cost of the opposing party's attorneys' fees in litigating this dispute. Thus, according to Defendant, if Plaintiff successfully avoids the terms of the parties' Agreement, he will not only be able to avoid paying the $24,982.50 in legal fees from the underlying suit but also the legal fees Defendant has accrued during the course of the litigation. Consequently, because the amount of attorneys' fees Defendant accrued before removal[1] plus the disputed legal fees exceeds $75,000, Defendant maintains that the amount in controversy is satisfied.

"For amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the *plaintiff's perspective*." *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015) (emphasis added) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000)); *South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014). "This 'plaintiff-viewpoint rule,' in other words, countenances only the monetary value 'that would flow to the plaintiff if the injunction were granted.'" *Torreyes v. Godiva Chocolatier, Inc.*, 424 F. Supp. 3d 1276, 1281 (S.D. Fla. 2019) (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). Additionally, "[a]ttorney's fees [incurred as of removal may] count towards the amount in controversy when permitted by statute or by contract." *Waxman v. First Liberty Ins. Corp.*, No.

---

[1] "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *see also Shelly v. Target Corp.*, 446 F. Supp. 3d 1011, 1014 (S.D. Fla. 2019) (concluding "only those attorney's fees incurred as of removal are 'in controversy' within the meaning of 28 U.S.C. § 1332").

7

23-CV-81318, 2023 WL 11882997, at *1 (S.D. Fla. Dec. 18, 2023) (citing *Fed. Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003)); *Shelly v. Target Corp.*, 446 F. Supp. 3d 1011, 1014 (S.D. Fl. 2019). However, "when the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny." *Cohen*, 204 F.3d at 1080 n.10. "[C]ourts are especially vigilant where assertions regarding attorney's fees are self-serving." *Calhoun v. W. Heritage Ins. Co.*, No. 8:18-CV-2384-T-36AAS, 2018 WL 7268199, at *3 (M.D. Fla. Nov. 16, 2018) (citing *Direct Gen. Ins. Co. v. Gay*, No. 4:10CV336-SPM WCS, 2010 WL 4736906, at *4 (N.D. Fla. Nov. 15, 2010)).

There is no dispute among the parties that the $24,982.50 in legal fees incurred from the underlying TCPA litigation is a part of the amount in controversy. The only question before the Court is whether the Defendant's attorneys' fees incurred prior to removal[2] may also be considered part of the amount in controversy.

The parties' Agreement provides that "should it become necessary for [Defendant] to resort to legal action, arbitration, or any other proceeding to collect its fees, costs, or expenses, the prevailing party shall recover all attorneys' fees and costs in connection with such proceeding." ECF No. [1-1] at 21. The Agreement therefore makes clear that the prevailing party is entitled to attorneys' fees incurred as a result of a dispute between the parties over the collection of fees. However, simply because there is a fee-shifting provision in the Agreement does not necessarily

---

[2] *See supra* note 1; *see also Hernandez v. Mt. Hawley Ins. Co.*, No. 23-CV-23036, 2023 WL 8445895, at *4 (S.D. Fla. Dec. 6, 2023) ("This Court 'has taken the stance 'that the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal.'" (quoting *Pantoja v. GeoVera Specialty Ins. Co.*, 21-cv-24137, 2022 WL 189870, at *2 (S.D. Fla. Jan. 21, 2022))); *Gilkes v. Philadelphia Express Tr.*, No. 4:20-CV-235, 2021 WL 3913581, at *5 (S.D. Ga. Sept. 1, 2021) ("[T]he Court is persuaded to follow the well-reasoned majority view in this circuit and will not consider future, unbilled attorney's fees in determining the amount in controversy.").

8

mean the attorneys' fees of both sides are automatically calculated into the amount in controversy. Indeed, the parties provide no such case that supports such a proposition.

Moreover, while there is certainly a plethora of cases in which courts have considered a plaintiff's attorney's fees in calculating the amount in controversy,[3] Defendant fails to cite a case in this circuit where a defendant's attorney's fees were factored into the amount in controversy.[4] Similar to the defendant in *Torreyes v. Godiva Chocolatier, Inc.*, Defendant primarily "relies on a number of inapposite cases that stand for the unremarkable proposition that, in cases seeking injunctive relief, a court may consider, in its amount-in-controversy computation, the costs the *Plaintiff* would save if the injunction were granted." 424 F. Supp. 3d 1276, 1284 (S.D. Fla. 2019) (citing *Fastcase, Inc. v. Lawriter LLC*, 907 F.3d 1335, 1343-44 (11th Cir. 2018)). However, the Court agrees with Judge Altman's analysis that while on "first blush" it may be alluring to accept the notion that a defendant's attorney's fees can be considered as part of the amount in controversy in a declaratory action where there is a contractual or statutory fee-shifting provision, the proposition suffers from several fatal defects. *Id.*

First, considering a defendant's attorney's fees flies in the face of the Eleventh Circuit's well-established precedent that the Court is required to view the amount in controversy from the Plaintiff's perspective. *See id.* Although Defendant insists that the Court would not be vitiating this principle since Plaintiff would avoid paying that amount if it were to prevail, the Court is required to only consider "extant obligations never countenances." *Id.* Here, the only existing

---

[3] *See e.g.*, *Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444, 447 (5th Cir. 1971) ("[T]he value of attorney's fees [plaintiff] was entitled to recover under the Settlement Agreement . . . is properly includable in determining the amount in controversy."); *Payroll, LLC v. Botany Bay Inc.*, 699 F. Supp. 3d 1320, 1324-25 (S.D. Fla. 2023).

[4] The only case cited by Defendant that supports its proposition is an out of circuit North Carolina district court decision. *See Cole v. Captain D's, LLC*, No. 5:08CV21-V, 2008 WL 4104577, at *2-4 (W.D. N.C. Aug. 29, 2008).

9

obligation that Plaintiff has is the $24,982.50 in legal fees purportedly still unpaid. The obligation to pay Defendant's attorneys' fees for the cost of the instant litigation still belongs to Defendant at this juncture. Thus, Plaintiff only has a possible future obligation if Defendant is able to: (1) successfully enforce the Agreement and compel arbitration; (2) establish that Plaintiff owes legal fees from the TCPA litigation, and (3) only if Defendant recovers more than the Plaintiff was willing to pay prior to these proceedings. *See* ECF No. [1-1] at 21-22. Given that the Defendant's attorneys' fees constitute a collateral and uncertain liability that Plaintiff may still avoid even if it does not prevail in its declaratory action, the fees are inappropriate to include in the amount in controversy.

Furthermore, as Defendant points out, Plaintiff's attorneys' fees may be considered in calculating the amount in controversy as Plaintiff would stand to recover such fees if it were to prevail under the Agreement. *See* ECF No. [26] at 14-15.[5] However, because the Court may factor in Plaintiffs' attorney's fees,[6] the Court may not also include Defendant's attorneys' fees given that only one side will prevail under the applicable fee-shifting provision of the parties' Agreement. *See Torreyes*, 424 F. Supp. at 1284.

---

[5] While Defendant argues that Plaintiff's pre-removal attorney's fees in combination with the $24,982.50 in disputed legal fees are sufficient to satisfy the amount in controversy, the Court disagrees. Defendant has not offered sufficient evidence that Plaintiff accrued more than $50,000 in attorneys' fees prior to removal, nor does the Court find that possibility likely given the limited filings prior to removal. *See Wolk v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 612CV960ORL19KRS, 2012 WL 12952758, at *5 (M.D. Fla. Sept. 7, 2012) ("Only when the removing party presents concrete evidence of the opposing party's attorney's fees have courts considered them in determining whether the amount in controversy has been satisfied.") (citing *Scenic Jacksonville, Inc. v. Clear Channel Outdoor, Inc.*, No. 3:11-CV-55-J-32TEM, 2011 WL 2531080, at *3 (M.D. Fla. June 23, 2011)); *Desmond v. HSBC Servs., Inc.*, No. 8:09-cv-1272-T-23TBM, 2009 WL 2436582, at *2 (M.D. Fla. Aug. 6, 2009) (finding estimation of plaintiff's attorney's fees inadequate for the purposes of satisfying the amount in controversy requirement where defendant did not base the estimation of the fees on the number of hours worked).

[6] Again, assuming that Plaintiff's attorneys' fees that were incurred prior to removal are part of the amount in controversy, the record fails to establish that those fees in tandem with the disputed fees arising from the TCPA litigation are sufficient to satisfy the amount in controversy requirement.

10

Case No. 25-cv-23650-BLOOM/Elfenbein

*Torreyes* is not the only relevant decision on this issue. Other courts in this district have similarly rejected the notion that a defendant's attorney's fees may form a part of the amount in controversy. For instance, in *Olympus Ins. Co. v. Bull*, 9:18-CV-80351, 2018 WL 3372728 at *3 (S.D. Jul. 11, 2018), the defendants argued that removal was proper under 28 U.S.C. § 1332 because the $80,000 in attorney's fees the defendants had accrued was sufficient to satisfy the amount in controversy requirement necessary for federal diversity jurisdiction. While the Court recognized that the plaintiff's attorney's fees[7] could be factored into the amount in controversy in an equitable action, the court declined to consider defendant's attorney's fees and therefore remanded the case. *See id.* at 3. The decisions in *Torreyes* and *Olympus*, and the lack of case law in this circuit to the contrary, lead the Court to conclude that a defendant's attorney's fees are not to be considered in determining the amount in controversy.

Moreover, even assuming *arguendo* that Defendant's attorneys' fees could be considered, the Court does not find that, in a $25,000 dispute, Defendant could realistically accrue more than $50,000 in attorneys' fees, let alone more than $65,000[8] in the thirty days from the initiation of the state court action to the date of removal. ECF No. [4]; *see Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065 (11th Cir. 2010) (explaining that a court may rely on judicial experience and common sense to determine whether the amount in controversy is satisfied); *Mohamed v. Geovera Ins. Co.*, No. 6:22-CV-1261-PGB-DCI, 2022 WL 4730947, at *3 (M.D. Fla. Oct. 3, 2022) ("[T]he Court is entitled to employ its judicial experience and common sense in estimating the value of attorney's fees likely recoverable in a given case."). While Defendant only billed Plaintiff $42,413

---

[7] Attorney's fees could be considered a part of the amount in controversy in *Olympus Ins. Co.*, because attorney's fees were available by statute. *See* 2018 WL 3372728 at *3.

[8] Defendant alleged it had billed more than 65,000 on this matter at the time of the notice of removal. *See* ECF No. [1].

11

for the entirety of its five months of work in the underlying "complex class action" TPCA litigation, ECF No. [9-2] at 24; ECF No. [6] at 6, Defendant now contends it has accrued more than $65,000 dollars in legal fees based on the following items in this attorney fee dispute: (1) an arbitration demand; (2) a motion to compel arbitration;[9] (3) a response to the motion to stay the arbitration proceedings, and (4) a two-page motion to seal.[10] *See* ECF No. [26-1].[11] Without any billing records or other evidence beyond a self-serving and conclusory affidavit, the Court is unpersuaded.

The only two attorneys listed on Defendant's relevant state court filings were Matthew Keilson and Ryan Watstein. As of 2024, Keilson's rate was $475.00/hr and Watstein's was $695/hr. *See Reisman v. Ne. Power & Gas LLC*, 720 F. Supp. 3d 279, 293 (S.D.N.Y. 2024). On the low end, Keilson would have had to bill 136 hours to have accrued $65,000 worth of work or 105 hours to have billed $50,000 worth of work in the span of thirty days, including weekends. *Cf. Torreyes*, 424 F. Supp. 3d at 1283-84 (finding based on its judicial experience and common sense that 140 hours on a seven-page filing was not realistic and therefore, could not serve to satisfy the $75,000 amount in controversy requirement on its own). Even assuming the founding partner of the firm prepared all the filings himself, Defendant still would have needed to bill over 90 hours to accrue $65,000 worth of work or over 70 hours to have billed the necessary $50,000. Because Defendant offers no records or receipts of hours billed or any other useful information to determine whether the Defendant actually dedicated this much of its valuable time on a client fee dispute

---

[9] Defendant's Motion to Compel consisted of a five-page analysis involving a straightforward argument contending that the arbitration clause of the parties' Agreement controlled.

[10] Defendant's Motion to Seal was approximately two pages, excluding the signature page. *See* ECF No. [1-1] at 36.

[11] Defendant does not discuss any other work it completed that contributed to the $65,000 in fees. *See generally* ECF No. [26-1].

worth less than $25,000, the Court finds that Defendant has not adequately demonstrated by a preponderance of evidence that its purported $65,000 in legal fees should be considered a part of the amount in controversy for the purposes of establishing federal subject matter jurisdiction.[12] *See Dairyland Ins. Co. v. Valladares*, No. 08-14152-CIV, 2009 WL 10667165, at *2 (S.D. Fla. Jan. 15, 2009) (finding party failed to establish the amount in controversy where there was no "extrinsic evidence or accounting regarding hours spent").

Accordingly, since the Court finds that Defendant's attorneys' fees are not part of the amount in controversy, the amount in controversy requirement is not satisfied. As such, the case is remanded to the state court for further proceedings.

### B. Attorneys' Fees Are Unavailable to Plaintiff Pursuant to 28 U.S.C. § 1447(c)

Given that the Court has found removal to be improper, it must now determine whether Plaintiff is entitled to attorneys' fees and costs for being forced to seek remand of this case. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "[t]here is no presumption in favor of awarding attorney's fees and costs under Section 1447(c)." *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021) (citing *Bauknight v. Monroe County*, 446 F.3d 1327, 1329 (11th Cir. 2006)). Rather, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) *only* where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (C.A.5

---

[12] Even accepting Defendant's argument that there is no reasonableness limitation for the attorney's fees incurred pursuant to the Agreement, given that it is governed by Georgia law, the Court's conclusion would still be the same. There is insufficient evidence to establish the fees were legitimately incurred, not that the fees are unreasonable.

Case No. 25-cv-23650-BLOOM/Elfenbein

2004); *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (C.A.5 2000)); *see also Montanez v. E. Coast Waffles, Inc.*, No. 17-CV-60725, 2017 WL 2543825, at *4 (S.D. Fla. June 13, 2017).

Here, Plaintiff offers no basis for the Court to find that removal was objectively unreasonable. *See* ECF No. [9] at 21. While it is true that the face of the Complaint never suggests that the amount in controversy exceeded $75,000, Defendant has made a good-faith and well-reasoned argument that removal was appropriate considering the fee-shifting provision in the Agreement and the attorneys' fees Defendant claimed to have accrued prior to removing this case. Accordingly, Plaintiff's request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Remand and For Attorneys' Fees, **ECF No. [9]**, is **GRANTED in part and DENIED in part**.
2. Plaintiff's Motion is **GRANTED** to the extent Plaintiff seeks to remand the case to the state court for further proceedings.
3. The Motion is **DENIED** to the extent Plaintiff seeks to recover attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).
4. This case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.
5. The Clerk of Court shall **CLOSE** this case.
6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 25-cv-23650-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 23, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

Counsel of Record